## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BARBARA WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-13-614-C |
| | ) | |
| CITY OF BLACKWELL and MARK | ) | |
| SKILES and FRED LeVALLEY, in their | ) | |
| official capacities, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Defendants have filed a motion pursuant to Fed. R. Civ. P. 12(b)(6), seeking dismissal of Plaintiff's Complaint.  The standard for consideration of motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) is set forth in the Supreme Court's decision in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and the subsequent decision in Ashcroft v. Iqbal, 556 U.S. 662 (2009).  In those cases, the Supreme Court made clear that to survive a motion to dismiss a complaint must contain enough allegations of fact which, taken as true, "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  That is, a plaintiff must "nudge[] [her] claims across the line from conceivable to plausible" in order to survive a motion to dismiss.  Id.  Thus, the starting point in resolving Defendants' Motion is to examine the factual allegations of Plaintiff's Complaint.

As relevant to this Motion, the following facts are properly presented by Plaintiff's Complaint:

Plaintiff was employed by Defendant City of Blackwell.  In June of 2011, Plaintiff was informed she had been terminated from her employment.  Plaintiff requested a hearing with the HR department pursuant to the established policy of Defendant City.  Plaintiff's request was denied and she was informed that a hearing had been held but she was not given notice of the hearing.

Based on these allegations, Plaintiff brought the present 42 U.S.C. § 1983 action alleging violation of her due process and equal protection rights.  As noted, Defendants seek dismissal, arguing Plaintiff has failed to plead facts demonstrating entitlement to relief.

Plaintiff concedes that her equal protection claim cannot survive and states her desire to dismiss that claim.  Because a Rule 12(b)(6) motion is not an answer or a motion for summary judgment, Fed. R. Civ. P. 41(a)(1)(A)(i) permits Plaintiff to dismiss her equal protection claim without further action by the Court.

Plaintiff also concedes that her claims against Defendants Skiles and LeValley in their official capacities should be dismissed.  For the reasons noted above, those Defendants are dismissed on Plaintiff's statement.

Finally, Defendants' Motion challenges the validity of Plaintiff's Due Process claim. According to Defendants, Plaintiff has failed to sufficiently allege that she held a property interest in her continued employment.  After consideration of the allegations in Plaintiff's Complaint and the relevant law, the Court finds Defendants' arguments without merit.

In determining whether an individual has been deprived of his right to procedural due process, courts must engage in a two-step inquiry:  (1) did the individual possess a protected interest such that the due process protections

2

were applicable; and if so, then (2) was the individual afforded an appropriate level of process.

Farthing v. City of Shawnee, Kan., 39 F.3d 1131, 1135 (10th Cir. 1994).  As noted above, Plaintiff alleged that Defendants' policy entitled her to a pre-termination hearing.  It is clear that whether or not a protected interest exists is governed by state law.  See Dickeson v. Quarberg, 844 F.2d 1435, 1438 n.5 (10th Cir. 1988):

> The question whether an employee has a property interest in his employment must be determined in accordance with state law.  Bishop v. Wood, 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976).  Although plaintiffs cite Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), for the proposition that what constitutes a property interest protected by the Due Process Clause rests on federal law, Loudermill clearly does not support the plaintiffs' proposition.  Rather, it reaffirms the conclusion in Roth [408 U.S. 564 (1972)] that property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law . . . .", 470 U.S. at 538, 105 S.Ct. at 1491. (citing Roth, 408 U.S. at 577), 92 S.Ct. at 2709.  Loudermill does hold that the question what process is due is to be answered by resort to federal law. 470 U.S. at 541, 105 S.Ct. at 1492.

Oklahoma has recognized that in certain circumstances an employee manual can give rise to an employment contract.  See Russell v. Board of County Comm'rs, Carter Cnty., 1997 OK 80, ¶ 23, 952 P.2d 492, 501-02 (Okla. 1997):

> Oklahoma jurisprudence recognizes that an employee handbook may form the basis of an implied contract between an employer and its employees if four traditional contract requirements exist:  (1) competent parties, (2) consent, (3) a legal object and (4) consideration.  *Two* limitations on the scope of implied contracts *via* an employee handbook stand identified by extant caselaw: (1) the manual only alters the at-will relationship with respect to *accrued benefits* and (2) the promises in the employee manual must be in definite terms, not in the form of vague assurances.  Although the existence of an implied contract generally presents an issue of fact, if the alleged promises are nothing more than vague assurances the issue can be decided as a matter

of law.  This is so because in order to create an implied contract the promises
must be definite.

(footnotes omitted).  It is improper at this stage to resolve the conflict between the parties on

the existence of a policy.  Rather, the Court must consider only the well-supported

allegations set forth in Plaintiff's Complaint.  The allegations made by Plaintiff, if proven,

could establish the right to a pre-termination hearing.  Thus, she has nudged her claim across

the line from conceivable to plausible.

For the reasons set forth herein, Defendants' Motion to Dismiss (Dkt. No. 10) is

DENIED.  However, Plaintiff's equal protection claim and Defendants Skiles and LeValley

are DISMISSED from this action by Plaintiff.

IT IS SO ORDERED this 26th day of August, 2013.


ROBIN J. CAUTHRON
United States District Judge